**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JERRY D. SELLERS, JR.,**

                    **Petitioner,**

    v.                                  **CASE NO.19-3259-SAC**

**ATTORNEY GENERAL,**
**STATE OF KANSAS,**

                    **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

The case comes before the Court on petitioner Jerry D. Sellers, Jr.'s petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se. The Court finds that this action has been filed out of time and is therefore subject to dismissal.

**Background**

On May 15, 2008, Petitioner was sentenced to 131 months in prison, lifetime post-release supervision, and lifetime electronic monitoring for two counts of aggravated indecent liberties with a child. He appealed, and on July 18, 2011, the Kansas Supreme Court affirmed his convictions but vacated the electronic monitoring portion of his sentence. *State v. Sellers*, 253 P.3d 20 (Kan. 2011). Petitioner did not appeal to the United States Supreme Court. He then filed a state habeas corpus action under K.S.A. 60-1507 on April 23, 2012, which was denied by the trial court, and the denial was affirmed by the Kansas Court of Appeals on May 30, 2014. *Sellers v. State*, 326

1

P.3d 1089 (Table), 2014 WL 2589785 (Kan. App. May 30, 2014).  Petitioner filed a second 60-1507 petition on June 17, 2015, and it was summarily denied by the trial court on October 13, 2015 as successive.  The Kansas Court of Appeals affirmed the denial, finding the petition successive and untimely.  *Sellers v. State*, 428 P.3d 238 (Table), 2018 WL 4939086 (Kan. App. Oct. 12, 2018).  Petitioner filed this action on December 18, 2019.

**Rule 4 Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

**Analysis**

The statute of limitations for filing a habeas corpus petition under § 2254 is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> The "limitation period shall run from" the "latest of" four dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted.  *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  The Rules of the U.S. Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari.  Sup. Ct. R. 13(1).  "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires."  *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).  The limitation period begins to run the day after a conviction becomes final.  *See Harris v. Dinwiddie*, 642 F.3d 902, 906–07 n.6 (10th Cir. 2011).

The statute further provides for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."  28 U.S.C. § 2244(d)(2).  However, where a State post-conviction petition is rejected by the State court as untimely, it is not "properly filed" and does not toll the statute of limitations.  *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Artuz v. Bennett*, 531 U.S. 4, 11 (2000).

Under Paragraph (A), Petitioner's convictions became final on October 18, 2011.  The Kansas Supreme Court affirmed Petitioner's convictions on July 18, 2011.  Allowing for 90 days when Petitioner could have petitioned for review by the U.S. Supreme Court, the limitations period started to run on October 19, 2011.  The limitations period ran until April 23, 2012, when Sellers filed his action for state habeas corpus review under K.S.A. 60-1507.  Petitioner had used 186 days of the one-year limitations period at that point.

The running of the limitations period was tolled from April 23, 2012 until May 30, 2014, when the Kansas Court of Appeals affirmed the trial court's denial of Petitioner's first 60-1507 motion.  The limitations period began to run again on May 31, 2014 and continued to run despite Petitioner's filing of a second 60-1507 petition because that motion was rejected by the Kansas Court of Appeals as untimely.  *See Pace*, 544 U.S. at 417.   Thus, the one-year limitations period ran for Sellers in 2014 (specifically, on or about November 25, 2014).  As a result, his petition here, which was filed on December 18, 2019, is untimely and subject to dismissal.

The one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000) (citation omitted).  This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted).  Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 651 (2010).  However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

The instant Petition is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable or statutory tolling. The Court will direct him to show cause why his petition should not be dismissed.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **September 10, 2020**, to show cause why this matter should not be dismissed as barred by the limitation period. The failure to file a response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED: This 10th day of August, 2020, at Topeka, Kansas.


s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**